UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,  )
    Plaintiff,  )
                                               )
    V.  )
                                               )  Civil Action No. 1:26-cv-461
REAL PROPERTY LOCATED AT  )
1430 WILMAR AVEUNE, MERRITT  )
ISLAND, FLORIDA  )
    Defendant.  )

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, brings this complaint and alleges

as follows in accordance with Supplemental Rule G (2) of the Federal Rules of

Civil Procedure:

## NATURE OF THE ACTION

1.    This is a civil forfeiture action to forfeit real property that was used to

facilitate the distribution of controlled substances, in violation of 21 U.S.C. § 841

and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§

841 and 846 and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

## THE DEFENDANT *IN REM*

2.    The Defendant Property consists of the real property located at 1430

Wilmar Avenue, Merritt Island, Florida, which property is legally described as

follows:

> Lot 31, SUNNY-SITES UNIT 1, according to the plat thereof as
> recorded in Plat Book 11, Page 65, Public Records of Brevard
> County, Florida.

3.      The following may have an interest in the Defendant Property: Ryder Ellefson.

4.      The Defendant Property has not been seized and is located within the Middle District of Florida. This Court has jurisdiction pursuant to 28 U.S.C. § 1355 (allowing the government to file forfeiture actions in the district where the underlying crime giving rise to the forfeiture occurred and giving that Court nationwide service of process authority). The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

   a. Post notice of this action and a copy of the Complaint on the Defendant Property;

   b. Serve notice of this action on the Defendant Property owner(s), and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint;

   c. Execute a Writ of Entry for purposes of conducting an inspection and inventory of the Defendant Property; and

   d. File a *Lis Pendens* in county records of Defendant Property's status as a Defendant in this *in rem* action. The United States will also, as provided in 19 U.S.C. § 1606, appraise Defendant Property as appropriate after execution of the Writ of Entry against the Defendant Property.

2

**JURISDICTION AND VENUE**

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

6.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

**BASIS FOR FORFEITURE**

8.      The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) because the Defendant Property was used to facilitate the distribution of controlled substances, in violation of 21 U.S.C. § 841 (both distribution and manufacture of controlled substances) and as part of a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.

**FACTS**

9.      The forfeiture is based upon the following facts: The government incorporates by reference the attached Declaration of Special Agent Jason Giannelli of the Food and Drug Administration.   The Defendant Property was used to facilitate the distribution of controlled substances and conspiracy to

distribute controlled substances. A complete recitation of facts necessary to support this Complaint is set forth in the Declaration.

WHEREFORE the United States prays for relief in the form of forfeiture of the Defendant Property to the United States and any additional relief available under law, including costs and fees from any claimant to the extent that one or more claimants press a judicial claim for the Defendant Property.

Dated: July 15, 2026

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

/s/ Kevin Bolan
KEVIN BOLAN
Assistant U.S. Attorneys
United States Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
401-709-5000
401-709-5001 fax
Kevin.bolan@usdoj.gov

**VERIFICATION**

I, Jason Giannelli, hereby verify and declare under penalty of perjury that I am a Special Agent employed by the Food and Drug Administration, Office of Criminal Investigations, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and, as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: July 15, 2026

JASON GIANNELLI

_____
Jason Giannelli, Special Agent
Food and Drug Administration
Office of Criminal Investigations

5